UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MIGUEL A. CINTORA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 2298 |
| | ) | |
| v. | ) | |
| | ) | Chief Judge Michael P. McCuskey |
| DOWNEY, et al. | ) | Magistrate Judge David G. Bernthal |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
<u>MOTION FOR SUMMARY JUDGMENT</u>**

**<u>INTRODUCTION</u>**

Plaintiff Miguel A. Cintora has filed a complaint against Defendants Corporal Angela Ahrens, Correctional Officer Brandon O'Connor, Manuel Villafuerte, Correctional Officer Antonio Emery and Correctional Officer Jeremy Most. He alleges § 1983 claims for excessive force and failure to protect, stemming from a tasing incident on June 19, 2008. Plaintiff seeks money damages for constitutional injuries that he allegedly incurred from this incident which transpired at the Jerome Combs Detention Center (hereinafter "JCDC"). All Defendants, with the exception of Defendant O'Connor,[1] move for summary judgment because Defendants' conduct did not constitute excessive force or evidence a failure to protect against these Defendants. This memorandum of law is submitted in support of Defendants' Motion for Summary Judgment.

---

[1] Defendant O'Connor acknowledges that questions of fact preclude him from moving for summary judgment as to Plaintiff's excessive force claim.

## SUMMARY OF FACTS

On June 19, 2008, Plaintiff had a scheduled visit for 6:00 p.m. with his parents at his location of incarceration, the JCDC. (Stmt. Facts ¶ 1). At around 12:00 p.m., Cintora contacted Officer Taylor at the front desk and spoke with an Officer Taylor who informed him that he was allowed to keep his 6:00 p.m. visit and that he would be taken to another unit. *Id.* Then, at approximately 5:50 p.m., Officer Montalvo contacted Cintora and told him that he would have to contact his parents to reschedule his appointment. (Stmt. Facts ¶ 3). Officer Ahrens told Officer Montalvo that insufficient officers were available to accommodate Cintora's visit. *Id.* Officer Montalvo then let Cintora out of his cell to call his parents who were already at the prison. *Id.* While on the phone with his parents, Officer Montalvo told Cintora that he needed to return to his cell. (Stmt. Facts ¶¶ 5, 6). Plaintiff refused to lockdown, stating that he needed to speak with a supervisor first before he would lockdown. *Id.* Before contacting Corporal Ahrens, Officer Montalvo asked Cintora if he was sure he was not going to go back to his cell until he spoke to a supervisor. *Id.* Cintora reiterated his desire to speak to a supervisor first. *Id.* Officer Montalvo then contacted Corporal Ahrens to inform her of Cintora's request and refusal to lockdown. *Id.*

After about two minutes elapsed, Corporal Ahrens, accompanied by Officers O'Connor, Villafuerte, Emery and Most entered Flex C-Pod where Cintora was on the phone. (Stmt. Facts ¶ 7). Officer O'Connor entered the Pod with his taser drawn and called Cintora's name at which time Cintora turned to face him. *Id.* According to Cintora, he was then tased. *Id.* At the time Officer O'Connor entered the cell, there was only ten feet between Cintora and Officer O'Connor. *Id.* Cintora testified Officer O'Connor tased him immediately after opening the door to his pod without any warning or time to submit to lockdown. (Stmt. Facts ¶ 8). None of the

other officers present at the tasing physically harmed Cintora in any fashion.  (Stmt. Facts ¶ 9). Cintora believes that these other officers committed excessive force towards him merely because of their presence at the incident.  (Stmt. Facts ¶ 9).  Officer O'Connor tased Cintora so quickly that his fellow officers would not have had sufficient time or warning to protect Cintora from Officer O'Connor.  (Stmt. Facts ¶ 8).

## SUMMARY JUDGMENT STANDARDS

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c) (West 2007).  The mere existence of factual disputes will not preclude the granting of a motion for summary judgment when the dispute does not involve a material fact.  *See Anderson v. Liberty lobby, Inc.*, 477 U.S., 247-248 (1986).  Material facts are identified by the substantive law involved, and to constitute a "genuine issue," the evidence must be such that a reasonable jury could return a verdict for the nonmoving party.  *Id*.  To avoid summary judgment, nonmovants must set forth specific facts that demonstrate a genuine issue of triable fact and must produce "more than a scintilla of evidence to support [their] position."  *Bekker v. Humana Health Plan, Inc.*, 229 F.3d 662, 669 (7th Cir. 2000); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## ARGUMENT

### I. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S EXCESSIVE FORCE CLAIM BECAUSE THEY HAD NO PERSONAL INVOLVEMENT IN THE ALLEGED USE OF FORCE

Generally, the central question in an excessive force claim by an inmate is whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. *See DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 1999), *see also Outlaw v. Newkirk*, 259 F.3d 833, 839-40 (7th Cir 2001) (distinguishing an instance where a correctional officer deliberately and perhaps unnecessarily applied a relatively minor amount of force from cases in which the force was "repugnant to the conscience of mankind." *citing Hudson*, 503 U.S. at 10 (ruling that correctional officers applied more than *de minimis* force when they punched and kicked an inmate while holding him in place, causing bruises, swelling, loosened teeth and a cracked dental plate), and *Thomas v. Statler*, 20 F.3d 298, 302 (7th Cir. 1994) (holding that jurors could reasonably conclude that the prison guard acted maliciously and sadistically to cause harm where the plaintiff claimed that the guard punched him in the mouth with a clenched fist while he was being held immobilized by at least nine other people).

In the present circumstance, Plaintiff argues that Defendants' mere presence at the scene constituted excessive force. (Stmt. Facts ¶ 8). Cintora acknowledges, however, that these correctional officers never physically touched or harmed him in any way shape or form. (Stmt. Facts ¶ 8). Hence, Plaintiff has not and cannot even apply the central question in any excessive force analysis, namely, whether *force* was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. *DeWalt*, 224 F.3d at 619. Thus, because Plaintiff cannot even establish that these Defendants applied a

scintilla of force to him, he clearly cannot establish that they applied force in "a malicious and sadistic manner with the intention of causing harm." *DeWalt*, 224 F.3d at 619.

Defendants are entitled to summary judgment because of there lack of personal involvement in the taser incident. Personal involvement in an alleged constitutional violation is required for §1983 liability to obtain. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986). Plaintiff claims that Officer O'Connor tased him without warning and immediately after the calling his name. (Stmt. Facts ¶¶ 7, 8). Cintora unequivocally acknowledges that the other Defendants never physically touched or harmed Cintora. (Stmt. Facts ¶ 8). These officers' lack of involvement in the use of force, therefore, entitles them to summary judgment as to Plaintiff's excessive force claim. *Id.*

## II. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGEMENT BECAUSE PLAINTIFF ADMITS DEFENDANTS WERE AFFORDED NO OPPORTUNITY TO PROTECT PLAINTIFF FROM OFFICER O'CONNOR'S ALLEGED EXCESSIVE FORCE

Omissions can violate civil rights. *Chavez v. The Illinois State Police*, 252 F.3d 612, 652 (7th Cir. 2001). Under certain circumstances, "a state actor's failure to intervene renders him or her culpable under 1983." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). The Seventh Circuit has stated that bystander liability for such omissions attach only if a bystander officer had reason to know: (1) that excessive force was being used or a constitutional violation was being committed, *and* (2) that the officer had a realistic opportunity to intervene to prevent the harm from occurring. *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009) (emphasis added)*, citing Harper v. Albert,* 400 F.3d 1052, 1064 (7th Cir. 2005); *Chavez v. Ill. State Police*, 251 F.3d 612, 652 (7th Cir. 2001).

Assuming, *arguendo,* Cintora can establish the first factor, namely, that Defendants had reason to know Officer O'Connor would utilize excessive force, Cintora cannot produce facts establishing the second factor. That is, Cintora cannot prove the Defendants in the instant matter had a realistic opportunity to prevent harm from occurring to Plaintiff from Officer O'Connor's use of the taser.

The Seventh Circuit's recent ruling in *Lewis v. Downey* illustrates this principle well. 581 F.3d at 472. There, the plaintiff inmate testified as to how quickly the defendant shot him with a taser after he ordered him off of his cell bed. *Id*. The inmate claimed to be sluggish from medication and stated he was shot before he could object that he could not get off the bed. *Id*. Declining to extend bystander liability, the *Lewis* court reasoned: "Even assuming Lewis was as sluggish as he claims, if the time between the order and the shot was so brief that Lewis could not respond, we decline to hold Officer Ayala liable for failing to respond as well." *Id*.

Cintora testified at his deposition that Officer O'Connor came into his pod and immediately tased him without any time for Cintora to react. (Stmt. Facts ¶ 8). Cintora admitted that Officer O'Connor's act of tasing Cintora was so spontaneous and immediate that Officer O'Connor's fellow officers could not have intervened on Cintora's behalf. *Id.* Thus, just as the *Lewis* court so concluded, so too this Court should conclude that Officer O'Connor's fellow officers lacked the requisite time to intervene to prevent the alleged use of excessive force. Summary judgment in these Defendants' favor is therefore appropriate as to Plaintiff's failure to protect claim. *Lewis,* 581 F.3d at 472.

**CONCLUSION**

For the foregoing reasons, Defendants CPL. ANGELA AHRENS, CORRECTIONAL OFFICER MANUEL VILLAFUERTE, CORRECTIONAL OFFICER ANTONIO EMERY and CORRECTIONAL OFFICER JEREMY MOST request that this Court grant their motion for summary judgment.

Respectfully submitted,

**s/ Michael W. Condon**
MICHAEL C. CONDON, Atty Bar No. 06192071
DAVID W. LEWARCHIK, Atty Bar No. 06281940
*Attorney for the Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
Phone:  630-773-4774
Fax:  630-773-4851
mcondon@hcbattorneys.com
dlewarchik@hcbattorneys.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MIGUEL A. CINTORA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 2298 |
| | ) | |
| v. | ) | |
| | ) | Chief Judge Michael P. McCuskey |
| DOWNEY, et al. | ) | Magistrate Judge David G. Bernthal |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 18, 2009, I filed the foregoing ***Memorandum of Law in Support of Defendants' Motion for Summary Judgment***, with the Clerk of the U.S. District Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

**TO:**    Amy Payne
           Ashley DiFilippo
           UNIVERSITY OF ILLINOIS COLLEGE OF LAW
           Law Bldg, Civil Litigation
           504 E. Pennsylvania Avenue
           Room 241
           Champaign, IL 61820
           Ph:    217-244-9494
           Fax:   217-333-5775
           appayne2@law.uiuc.edu
           adifili2@law.uiuc.edu
           *Attorneys for Plaintiff*

                                        **s/ Michael W. Condon**
                                        MICHAEL C. CONDON, Atty Bar No. 06192071
                                        DAVID W. LEWARCHIK, Atty Bar No. 06281940
                                        *Attorney for the Defendants*
                                        HERVAS, CONDON & BERSANI, P.C.
                                        333 Pierce Road, Suite 195
                                        Itasca, IL 60143-3156
                                        Phone:  630-773-4774
                                        Fax:  630-773-4851
                                        mcondon@hcbattorneys.com
                                        dlewarchik@hcbattorneys.com